# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DISABILITY RIGHTS WISCONSIN, INC.,**

       **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　**Case No. 06-C-813**

**WALWORTH COUNTY BOARD
OF SUPERVISORS,**

       **Defendant.**

## DECISION AND ORDER

The plaintiff, Disability Rights Wisconsin, Inc. ("DRW"), is an organization that is designated by Wisconsin law to advocate for the rights of individuals with disabilities. *See* Wis. Stat. § 51.62. On August 2, 2006, DRW filed a complaint on behalf "of all school age children with disabilities who reside in Walworth County" against the Walworth County Board of Supervisors ("WCBS"). (Am. Compl. ¶ 1.) DRW maintains that WCBS fails to educate students with disabilities in a sufficiently integrated setting, in violation of Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973. (*Id.* at ¶¶ 13-18.) Specifically, DRW requests that this Court order WCBS to place students with disabilities in the "most integrated environment to the maximum extent appropriate," and to also enjoin a project that is intended to increase the size of Lakeland School, which exclusively educates disabled students. (*Id.* at ¶ 5.)

WCBS filed a motion to dismiss, on the grounds that DRW lacks standing and that DRW has failed to exhaust administrative remedies.[1] Because the Court finds that DRW lacks standing, it need not address the question of whether DRW failed to exhaust administrative remedies.

When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court must accept as true the factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff.[2] *See Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). The burden of establishing federal jurisdiction is on the party asserting jurisdiction. *See United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

Article III of the Constitution confers jurisdiction in the federal courts over "cases" and "controversies." To satisfy the case or controversy requirement, a plaintiff must demonstrate (1) that it has suffered "an injury in fact," (2) a causal connection between the injury and the conduct complained of, and (3) that a favorable court decision would likely redress or remedy the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

---

[1] WCBS also alleged, in its supporting brief, that DRW has failed to establish that a class action is appropriate here. However, when DRW responded that it never sought a class certification, WCBS abandoned that argument.

[2] While WCBS labeled its motion to dismiss as one under Rule 12(b)(6), the issue of standing is a question of jurisdiction properly brought under Rule 12(b)(1). *See Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 862 (7th Cir. 1996). WCBS's erroneous labeling of its motion to dismiss does not affect the Court's decision. *See Snyder v. Smith*, 736 F.2d 409, 419 (7th Cir. 1984) (overlooking erroneous labeling of motion to dismiss), *cert. denied*, 469 U.S. 1037 (1984), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998).

However, an organization may have standing to sue on behalf of others without a showing of an actual injury to the organization itself. *Warth v. Seldin*, 422 U.S. 490, 497 (1975). This is referred to as "associational standing," and it requires the satisfaction of two elements. *United Food and Comm. Workers Union Local 751 v. Brown Grp., Inc.*, 517 U.S. 544, 551-53 (1996). The association may sue on behalf of its members so long as at least one of its members would have standing to sue on his own behalf and the litigation is germane to the group's purpose. *Id*. at 554-55.

DRW claims that it has "associational standing" to sue on behalf of disabled students in Wisconsin pursuant to section 51.62 of the Wisconsin Statutes. Section 51.62 assigns DRW the power to "[p]ursue legal, administrative and other appropriate remedies to ensure the protection of the rights of persons with developmental disabilities or mental illnesses." While it is without dispute that the Wisconsin statute permits DRW to file claims on behalf of disabled persons, the question is whether DRW has established that an individual constituent would otherwise have standing to bring the claims in his own right. *See United Food*, 517 U.S. at 555-56.

For instance, in *Tennessee Protection and Advocacy, Inc. v. Board of Education of Putnam County*, 24 F.Supp. 2d 808 (M.D. Tenn. 1998) (hereinafter "*TPA*"), an advocacy agency filed suit on behalf of "all the disabled children in the Putnam County school system." *Id*. at 816. The court held that the agency did not have standing because it did not make a

3

concrete factual allegation of injury to at least one individual plaintiff on whose behalf it was suing. *Id*.

Similarly, in *Pennsylvania Protection and Advocacy, Inc. v. Houston*, 136 F.Supp. 2d 353 (E.D. Penn. 2001), an advocacy agency filed suit on behalf of "thousands of individuals with mental retardation in Pennsylvania." *Id*. at 365. The court held that where the agency "does not identify any specific individual on whose behalf it brings the action," and where the agency does not even refer to "a single constituent who would have standing to bring this action on her own behalf," the agency does not have standing to bring suit. *Id*. at 366.

Like the agency in *TPA*, DRW has filed suit on behalf of all disabled students in a particular county's school system. And, like the agencies in both *TPA* and *Houston*, DRW never makes an allegation of injury to at least one individual on whose behalf it brings the action. Accordingly, DRW likewise does not have standing here.

An association like DRW must allege an injury to at least one, specific member who has been harmed by WCBS's actions. Without an allegation of a concrete injury, there can be no confidence of "a real need to exercise the power of judicial review" or that relief can be framed "no [broader] than required by the precise facts to which the court's ruling would be applied." *Warth*, 422 U.S. at 508. Accordingly, the Court will grant WCBS's motion to dismiss because DRW lacks standing to bring this action.

4

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Defendant's Motion to Dismiss (Docket No. 7) is **GRANTED**.

The clerk is directed to enter judgment and close this case accordingly.

Dated at Milwaukee, Wisconsin this 14th day of March, 2007.

                **BY THE COURT**

                s/ Rudolph T. Randa
                **Hon. Rudolph T. Randa**
                **Chief Judge**